24 C.C.P.A.(Patents)

## In re SIBLEY.

### Patent Appeal No. 3790.

Court of Customs and Patent Appeals.
April 5, 1937.

BLAND, Associate Judge, dissenting.

Williams, Rich & Morse, of New York City (Henry D. Williams and Giles S. Rich, both of New York City, and Albert H. Kirchner, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting, for want of patentability over the cited prior art, claims 1, 3, 6 to 10, inclusive, 12, and 15 to 26, inclusive, of appellant's application. No claims were allowed.

Claim 25 is illustrative of the claims before us and reads as follows: "25. The improvement in the manufacture of coating compositions vhich comprises mixing the composition containing a drying oil with a positive oxidation catalyst and a controller of oxidation thereof comprising the condensation product of p, p, diamino diphenyl methane with beta naphthol."

The references cited are: Ostwald et al., (Brit.), 10,361, April 20, 1911; Vanderbilt Co., Inc., (Brit.), 269,840, January 9, 1928; Naugatuck Chemical Company, (Brit.), 342,502, February 5, 1931; Imperial Chemical Industries, Ltd., (Brit.), 358,472, October 5, 1931; Merkle, 1,829,999, November 3, 1931; Goodyear Tire & Rubber Co., (Brit.), 364,092, December 23, 1931; Sloan, 1,940,824, December 26, 1933; J.Soc.Chem. Ind.Japan, vol. 33 (1930), pp. 129–B–130–B; J. Ind. & Eng. Chem. (Smith), 1926, pp. 691–693; Rubber Age, vol. 20, 1926, pp. 27 and 30; Powell, 1,672,657, June 5, 1928.

The alleged invention is described in appellant's brief as follows:

"The coating composition is a paint or varnish made with a drying oil as one of its principal constituents. In the case of paints, this oil acts as the carrier of the pigment. The 'drying' of such a coating is an oxidizing process. The positive oxidation catalyst, commonly called a 'dryer,' functions to speed up this oxidation, causing rapid drying. Rapid drying is desirable but if the oxidation which produces it is not interrupted after progressing to a sufficient degree to produce a durable coating, it will hasten the disintegration, cracking or pealing of the coating.

"The controller of oxidation is therefore included to arrest the oxidation after drying has reached the desired point. This controller acts as a negative oxidation catalyst which corrects the faults of the positive oxidation catalyst. The controller, or negative oxidation catalyst, is also called an 'anti-oxidant,' an 'oxidation inhibitor' or a 'negative catalyst.' Its inclusion in the coating permits it to dry rapidly but overcomes the undesirable effects produced by the dryer.

"Thus the coating contains two substances, a positive oxidation catalyst and an inhibitor, which is a negative oxidation catalyst, the first promoting oxidation to produce rapid drying and the second restraining oxidation after it has progressed sufficiently. The result is a paint or varnish which dries quickly and thereafter has marked resistance to disintegration, cracking or pealing."

The Board of Appeals in its decision stated:

"The points raised by this appeal are similar to those raised in connection with appellant's application No. 593,198, which is being concurrently considered and decided.

"The claims of this application are directed to specifically different anti-oxidants. The questions of analogy raised in this application are substantially the same as those raised in connection with the copending application and reference may be had to the decision in that case for our views thereon."

The application, No. 593,198, referred to in the above quotation, is the subject of Patent Appeal No. 3789, In re Sibley, 88 F.(2d) 960, 24 C.C.P.A.(Patents) ——, decided concurrently herewith.

In the brief of the Solicitor for the Patent Office we find the following:

"The issue in the instant appeal is broadly the same as that involved in the companion appeal but specifically the issue in the instant appeal is different from the issue in the companion appeal and a different set of references are relied upon in the instant case.

"Broadly the issue in each of the two appeals is whether the ancillary references taken in connection with the disclosure of the Merkle patent are sufficient to negative patentability. In the companion appeal No. 3789 one specific anti-oxidant is claimed which the patent to Merkle does not mention and the issue in that appeal is whether the references which are cited disclosing the use of that particular anti-oxidant are sufficient to negative patentability of the subject-matter there claimed.

"In the instant appeal a specifically different anti-oxidant is claimed and here, as in the companion appeal, the patent to Merkle does not mention this specific anti-oxidant. However, the ancillary references upon which the examiner relied disclose the use of this specific anti-oxidant as claimed by appellant, in connection with the rubber art, and the question here presented for decision is whether the teaching of these references is sufficient to negative patentability in the subject-matter of the appealed claims."

Thus it will be seen that, although a specifically different anti-oxidant is here claimed than was claimed in appeal No. 3789, the real issue in the two cases is the same, viz., whether the use of specific anti-oxidants in the rubber art, shown in some of the references, negatives patentability of the claims here involved. In appeal No. 3789 this was fully discussed and we came to the conclusion that the Board of Appeals erred in holding that the use of specific anti-oxidants in the rubber art negatives patentability of the use of such anti-oxidants in the drying oil art. The only difference between the case before us and that of appeal No. 3789 is in the use of different anti-oxidants; but here, as in appeal No. 3789, the use of such anti-oxidants disclosed in the references was limited to the rubber art.

Inasmuch as our opinion in appeal No. 3789 fully discusses this subject, it is unnecessary for us further to discuss it here. It is clear that our decision in appeal No. 3789 controls our decision here.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.

BLAND, Associate Judge, dissents.

HATFIELD, Associate Judge, did not participate in this decision.